(No. 74-CV-28— )

PAUL C. KETTLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1975.*

PAUL C. KETTLER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated battery on January 25, 1974, at approximately 9 p.m. at 79th and Crandon, Chicago, Illinois. Paul C. Kettler, age 32, of 7435 South Yates Boulevard, Chicago, Illinois, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, (hereafter referred to as the "Act") *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71*, et seq.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows.

1. That the Claimant was a victim of a violent crime covered under *Ill. Rev. Stat., 1973, Ch. 70, Sec. 72*, to wit:

"Aggravated Battery, Ill. Rev. Stat., 1973 Ch. 38, Sec. 12-4."

2. That said crime occurred at approximately 9 p.m. on January 25, 1974, at 79th and Crandon Avenue, Chicago, Illinois, at which time the claimant suffered gunshot wounds in both his lungs. A detailed summary of the facts and information considered by the Court is contained in an investigative report prepared by the Attorney General. A copy of said report remains in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That the crime was promptly reported to the Chicago Police Department, and claimant has cooperated

fully with law enforcement officials. That the assailants or assailant have not been identified, and that an investigation is continuing by the Chicago Police Department.

4. That there was no evidence that claimant was a relative or member of the same household of the assailants.

5. That the injury to the claimant was not attributable to either his wrongful act or substantial provocation on his part.

6. That claimant has suffered pecuniary loss in excess of $200, as a result of his injury, compensable under Sec. 4 of the Act, as stated below:

Total Hospital & Medical Expenses incurred . . . . . . . . . . . . . $3,916.95

7. That insurance payments have been made as a result of the injury by the General American Life Insurance Company and the Hartford Insurance Company in the amount of $3,077.49; and the victim received no other payments from insurance of any kind, state, local or federal government, or from any other source as a result of his injury.

Deducting Insurance Benefits received
[As required by §7(d) of the Act] . . . . . . . . . . . . . . . . . . . . . . 3,077.49

TOTAL UNREIMBURSED EXPENSES. . . . . . . . . . . . . . . . .$ 839.46
Pursuant to Sec. 7(d) of the Act, the court must also
deduct the first $200 of unreimbursed expenses . . . . . . . . . . . . . 200.00

NET AMOUNT OF PECUNIARY LOSS AFTER
DEDUCTIBLES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 639.46

The court finds that the proof submitted in support of this claim satisfies all the requirements of this Act, and the claim is therefore compensable thereunder in the amount last stated above.

The court carefully considered claimant's contention that he is equitably entitled to be compensated for loss of earnings for the 2-month period of his disability pursuant to the following provision of §4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

Although claimant was not employed during the six month period prior to his injury, he was actively pursuing his doctorate degree in anticipation of re-entering the job market. Claimant argues that his injury delayed his education and, therefore, delayed his re-entry to the job market. Hence, claimant contends that he suffered pecuniary loss when the injury caused him to lose 2 months time from his studies. Claimant concedes that this does not bring his claim for loss of earning literally within the language of the Act. The court respects the logic of claimant's argument but feels that, even a most liberal interpretation of the Act, would not justify the acceptance of the claimant's position on this point without our engaging in judicial legislation, and exercising equitable powers we do not possess.

IT IS HEREBY ORDERED that the sum of $639.46 (SIX HUNDRED THIRTY-NINE and 46/100ths DOLLARS) be awarded Paul C. Kettler, as an innocent victim of a violent crime.